In re: **WASHINGTON MUTUAL OVERDRAFT PROTECTION LITIGATION,**

Chirou M. Sola; Nadine Viseth, individually and on behalf of all others similarly situated, Plaintiffs—Appellants,

v.

Washington Mutual Bank FA, Defendant—Appellee.

No. 04–55885.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2006.

Filed Sept. 7, 2006.

Matthew J. Zevin, Esq., Stanley Mandel Iola, LLP, San Diego, CA, Marc Stanley, Esq., Stanley Mandel & Iola LLP, Roger L. Mandel, Esq., Law Offices of Roger L. Mandel, Dallas, TX, Stuart Rossman, Esq., National Consumer Law Center, Inc., Boston, MA, for Plaintiffs–Appellants.

Julia B. Strickland, Esq., David W. Moon, Esq., Stroock & Stroock & Lavan LLP, Los Angeles, CA, for Defendant–Appellee.

Before: THOMPSON, T.G. NELSON, and GOULD, Circuit Judges.

## MEMORANDUM [*]

The plaintiffs appeal the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of their claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings consistent with this disposition.

### I. Truth In Lending Act Claims

■ The district court properly dismissed the plaintiffs' claims under the Truth In Lending Act (TILA),[1] for allegedly failing to disclose the terms of credit and for failing to disclose the annual percentage rate applicable to credit cards. The charges in question do not satisfy the definition of finance charges because they are not incident to extensions of credit.[2] Rather, they are incident to overdrawn accounts.

■ We reverse the dismissal of the plaintiffs' other claims under TILA and 12 C.F.R. § 226.12, for unsolicited issuance of credit cards and off-setting without an agreement to do so. The complaint does not necessarily imply the existence of a formal, written deposit agreement. Read in the light most favorable to the plaintiffs,[3] it alleges that a credit agreement governing the ATM cards exists based on the promotional materials and the parties' courses of conduct. As alleged in the complaint, then, the cards may fall within the definition of credit cards.[4]

### II. Home Owners Loan Act Claim

We affirm the district court's dismissal of the plaintiffs' claim under the Home Owners' Loan Act (HOLA)[5] on the ground that the plaintiffs conceded that they could not state a claim once the bank pointed out that California, not Washington, law applied.[6]

### III. State law claims

■ The district court's "decision to dismiss the federal law claims was among the reasons for [its] exercise of discretion" in dismissing the state law claims and in denying the motion to amend.[7] Because we have reinstated two federal claims regarding credit card requirements, we note that the district court "may revisit the[se] issue[s] on remand."[8]

### Conclusion

We reverse the district court's dismissal of two of the plaintiffs' claims under 12

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 15 U.S.C. §§ 1601–1693r.

2. 12 C.F.R. § 226.4(a).

3. *See Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir.1991).

4. *See* 12 C.F.R. § 226.2(a)(15) (defining credit cards); 12 C.F.R. Pt. 226, Supp. I, subpt. A, § 226.2(a)(15), cmt. 2.ii.A. (Jan.2004) (excepting, from the definition of "credit cards" "[a] check-guarantee or debit card with *no credit* feature or *agreement*, even if the creditor occasionally honors an inadvertent overdraft") (emphasis added). Of course, if the plaintiffs cannot prove the facts alleged, or if the defendants introduce evidence of a written deposit agreement with terms contrary to the promotional materials, the cards may well *not* satisfy the definition of credit cards. In that case, the district court's reasoning may apply.

5. 12 U.S.C. §§ 1461–1470.

6. The relevant portion of HOLA, 12 U.S.C. § 1463(g)(1), sets permissible interest rates based on limits borrowed from state law. The plaintiffs concede that California law provides no limits on interest rates in this context. Accordingly, they can state no claim.

7. *Inland Empire Chapter of Assoc. Gen. Contractors of Am. v. Dear*, 77 F.3d 296, 300 (9th Cir.1996).

8. *Id.*

C.F.R. § 226.12, relating to requirements governing credit cards. We affirm the court's dismissal of the remainder of the plaintiffs' federal claims. We remand for further proceedings consistent with this disposition, including reconsideration of the court's decision to deny supplemental jurisdiction and leave to amend.

AFFIRMED IN PART; REVERSED IN PART; and REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

NO COSTS ALLOWED.